UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEQUOIA FINANCIAL SOLUTIONS,
INC.,

    Plaintiff,

v.

Case No: 6:12-cv-1732-Orl-22TBS

JUSTIN D. HENRY, JESSICA C. HENRY
and VILLAGE GROVE OF WINTER
GARDEN HOMEOWNERS
ASSOCIATION, INC.,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion to Alter/Amend Order Denying Confirmation of Foreclosure Sale and/or Renewed Motion for Confirmation. (Doc 29). Upon due consideration, I respectfully recommend that the motion be **granted**.

### Background

On November 16, 2012, Plaintiff filed a complaint for foreclosure against Justin D. Henry, Jessica C. Henry, and Village Grove of Winter Garden Homeowners Association, Inc. ("Defendants"). (Doc. 1). On April 2, 2013, the district judge entered a Consent Decree of Foreclosure and Order of Sale and appointed Robert F. Higgins, Esq. as special master to conduct the sale. (Doc. 20). On June 21, 2013, Plaintiff filed a motion to amend the consent decree to substitute HIA Investments LLC as the Plaintiff (due to an

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Assignment of Mortgage) and to appoint a new special master. (Doc. 21). The Court denied Plaintiff's motion without prejudice. (Doc. 22). Plaintiff filed a renewed motion (Doc. 23), which the Court granted (Doc. 24). The proposed order submitted by Plaintiff appointed "the law firm of Lynn Cole, P.A.," as special master. (Id. at 1). The Court rejected this language and appointed "Lynn Cole" as the special master. (Id.).

Plaintiff subsequently moved to confirm the foreclosure sale and provided proof of publication. (Docs. 25, 27). I denied the motion because Plaintiff failed to comply with the amended consent decree. Specifically, the evidence established that Kristy Mattice Wacshmuth of the law office of Lynn Cole, P.A. conducted the sale, which conflicted with the Courts' Order appointing "Lynn Cole" as the special master to conduct the sale. (Doc. 28). Plaintiff has now renewed its motion for confirmation. (Doc. 29).

Discussion

In the motion, Plaintiff asks the Court to "amend the current order [pursuant to FED. R. CIV. P. 60] to reflect that the sale was properly conduced, by Lynn Cole, although she designated [Ms.] Wacshmuth to conduct the sale, under her supervision . . ." (Doc. 29 at 6). Rule 60 gives the Court the authority to relieve a party from a final judgment or order for any reason that justifies relief. FED. R. CIV. P. 60(b)(6). The Eleventh Circuit has held that "Rule 60(b)(6) is a 'catch-all' provision, and a 'grand reservoir of equitable power to do justice in a particular case." Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992) (citing Compton v. Alton Steamship Co., 608 F.2d 96, 104 (4th Cir. 1979)).

Despite Plaintiff's failure to comply with the amended decree, the sale apparently occurred without objection. (Doc. 29-2). In other cases in the Middle District of Florida, the Court has appointed the law firm of Lynn Cole, P.A., as special master and allowed Ms. Wachsmuth to conduct foreclosure sales on behalf of Lynn Cole: (See Sequoia v. Rosales, Case No. 8:13-cv-404-T-33MAP, (Doc. 14 at 6); Sequoia v. Bidwell, Case No.

8:12-cv-2534-VMC-MAP, (Doc. 23 at 5); and <u>Landmark/Kogane v. Lewis</u>, Case No. 8:13-cv-409-EAK-EAJ, (Doc. 35 at 3)). To deny Plaintiff's request for confirmation of the foreclosure sale in this case because Ms. Wachsmuth conducted the sale instead of Ms. Cole would be unduly harsh and would prejudice Plaintiff by imposing the expense of re-publication and re-sale.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **granted**. I further recommend that the district court amend the Consent Decree of Foreclosure and Order of Sale (Docs. 20, 24), nunc pro tunc, to designate **the "law firm of Lynn Cole, P.A."[2]** to serve as special master to conduct the sale. Additionally, I recommend that the district court enter an order (1) finding that the sale was properly conducted by the special master, through designee Kristy Mattice Wacshmuth, and (2) confirming the foreclosure sale.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 24, 2014.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties

---

[2] 301 West Platt Street, Suite 409, Tampa, Florida 33606, telephone: 813-223-7009, email: lhc@lynncole.com.

- 3 -